**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NORMAN BROWN,                               No. C-11-3464 TEH (PR)

     Petitioner,

     v.                                    ORDER OF DISMISSAL

THE COURT OF APPEALS - THIRD DISTRICT,

     Respondent.
_____/

     Pro se Petitioner Norman Anthony Brown has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Doc. #1. Careful review of the Petition and the documents attached thereto reveals that Petitioner is a prisoner of the State of California presently serving his sentence in a federal correctional center in Mississippi for numerous crimes he committed in Riverside County. See Doc. #1 at 20; Doc. #7. Petitioner names "The Court of Appeal - Third District" as the Respondent. See Doc. #1. It is not readily apparent why Petitioner is serving his sentence in a federal correctional institution. Also unclear is precisely what relief

Petitioner seeks or why he filed his Petition in this Court.

From review of the documents Petitioner filed, it appears that his original prison sentence imposed by the Riverside County Superior Court on August 10, 1982 was for a term of 70 years in state prison.  See Doc. #1 at 20.  On November 23, 1982, the California Department of Corrections and Rehabilitation ("CDCR") received an amended abstract of judgment that reduced Petitioner's sentence from 70 years to 69 years.  Id.  Petitioner's release date was then recalculated; he apparently is scheduled to be released on December 30, 2019.  Id. at 20-21.

On June 13, 2011, Petitioner filed a petition for a writ of mandate in Sacramento County Superior Court in the California Court of Appeal, Third Appellate District, ostensibly seeking to compel CDCR to release to him all documents related to the calculation of his prison sentence, including the amended abstract of judgment.  See Doc. #1 at 4 & 27.  It appears that Petitioner is asking this Court for the same – or similar – relief by filing the instant Petition.  See Doc. #1.  But for the reasons that follow, this Court is unable to entertain the Petition, which will be DISMISSED.

I

Federal district courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties.  A petition for a writ of mandamus to compel a state court or official to take or

2

refrain from some action is frivolous as a matter of law. See <u>Demos v. U.S. District Court</u>, 925 F.2d 1160, 1161-62 (9th Cir. 1991). Accordingly, this petition is frivolous as a matter of law and must be DISMISSED.

Further, assuming Petitioner is challenging the manner in which his sentence is being executed, he would not be able to do so here. Venue in a habeas action is proper in either the district of confinement or the district of conviction. <u>See</u> 28 U.S.C. § 2241(d). Federal courts in California traditionally have chosen to hear petitions challenging a conviction or sentence in the district of conviction. <u>See</u> <u>Dannenberg v. Ingle</u>, 831 F. Supp. 767, 768 (N.D. Cal. 1993); <u>Laue v. Nelson</u>, 279 F. Supp. 265, 266 (N.D. Cal. 1968). However, if the petition is directed to the manner in which a sentence is being executed, e.g., if it involves parole or time credit claims, the district of confinement is the preferable forum. <u>See</u> Habeas L.R. 2254-3(b)(2); <u>Dunne v. Henman</u>, 875 F.2d 244, 249 (9th Cir. 1989).

Here, Petitioner does not challenge his conviction. Instead, he appears to be seeking documents he believes are necessary to properly calculate the duration of his sentence. To the extent such a claim challenges the manner in which his sentence is being executed, it should be heard in his district of confinement, namely the Northern District of Mississippi. However, the Court declines to transfer this case to the Northern District of Mississippi since it is frivolous as a matter of law. <u>See</u> <u>Demos</u>, 925 F.2d at 1161-62.

3

## II.

For the foregoing reasons, the petition is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. Based solely on his affidavit of poverty, Petitioner's requests to proceed in forma pauperis, Doc. ## 2 & 4, are GRANTED.

The Clerk is directed to terminate any pending motions as moot, enter judgment in accordance with this order and close the file.

IT IS SO ORDERED.

DATED  *2/02/2012*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.11\Brown-11-3464-habeas-dismiss.wpd