**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  NORMAN BROWN,                    No. C-11-3464 TEH (PR)

12              Petitioner,

13          v.                       ORDER OF DISMISSAL

14  THE COURT OF APPEALS - THIRD
    DISTRICT,
15
16              Respondent.
                                                /
17

18          Pro se Petitioner Norman Anthony Brown has filed a

19  Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.

20  Doc. #1.  Careful review of the Petition and the documents attached

21  thereto reveals that Petitioner is a prisoner of the State of

22  California presently serving his sentence in a federal correctional

23  center in Mississippi for numerous crimes he committed in Riverside

24  County.  See Doc. #1 at 20; Doc. #7.  Petitioner names "The Court of

25  Appeal - Third District" as the Respondent.  See Doc. #1.  It is not

26  readily apparent why Petitioner is serving his sentence in a federal

27  correctional institution.  Also unclear is precisely what relief

28

1   Petitioner seeks or why he filed his Petition in this Court.

2          From review of the documents Petitioner filed, it appears

3   that his original prison sentence imposed by the Riverside County

4   Superior Court on August 10, 1982 was for a term of 70 years in

5   state prison.  <u>See</u> Doc. #1 at 20.  On November 23, 1982, the

6   California Department of Corrections and Rehabilitation ("CDCR")

7   received an amended abstract of judgment that reduced Petitioner's

8   sentence from 70 years to 69 years.  <u>Id.</u>  Petitioner's release date

9   was then recalculated; he apparently is scheduled to be released on

10  December 30, 2019.  <u>Id.</u> at 20-21.

11         On June 13, 2011, Petitioner filed a petition for a writ

12  of mandate in Sacramento County Superior Court in the California

13  Court of Appeal, Third Appellate District, ostensibly seeking to

14  compel CDCR to release to him all documents related to the

15  calculation of his prison sentence, including the amended abstract

16  of judgment.  <u>See</u> Doc. #1 at 4 & 27.  It appears that Petitioner is

17  asking this Court for the same - or similar - relief by filing the

18  instant Petition.  <u>See</u> Doc. #1.  But for the reasons that follow,

19  this Court is unable to entertain the Petition, which will be

20  DISMISSED.

21

22                                    I

23         Federal district courts are without power to issue

24  mandamus to direct state courts, state judicial officers, or other

25  state officials in the performance of their duties.  A petition for

26  a writ of mandamus to compel a state court or official to take or

27

28                                    2

1  refrain from some action is frivolous as a matter of law.  See Demos

2  v. U.S. District Court, 925 F.2d 1160, 1161–62 (9th Cir. 1991).

3  Accordingly, this petition is frivolous as a matter of law and must

4  be DISMISSED.

5       Further, assuming Petitioner is challenging the manner in

6  which his sentence is being executed, he would not be able to do so

7  here.  Venue in a habeas action is proper in either the district of

8  confinement or the district of conviction.  See 28 U.S.C. § 2241(d).

9  Federal courts in California traditionally have chosen to hear

10  petitions challenging a conviction or sentence in the district of

11  conviction.  See Dannenberg v. Ingle, 831 F. Supp. 767, 768 (N.D.

12  Cal. 1993); Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968).

13  However, if the petition is directed to the manner in which a

14  sentence is being executed, e.g., if it involves parole or time

15  credit claims, the district of confinement is the preferable forum.

16  See Habeas L.R. 2254-3(b)(2); Dunne v. Henman, 875 F.2d 244, 249

17  (9th Cir. 1989).

18       Here, Petitioner does not challenge his conviction.

19  Instead, he appears to be seeking documents he believes are

20  necessary to properly calculate the duration of his sentence.  To

21  the extent such a claim challenges the manner in which his sentence

22  is being executed, it should be heard in his district of

23  confinement, namely the Northern District of Mississippi.  However,

24  the Court declines to transfer this case to the Northern District of

25  Mississippi since it is frivolous as a matter of law.  See Demos,

26  925 F.2d at 1161–62.

27

28                                  3

1                                  II.

2          For the foregoing reasons, the petition is DISMISSED with

3 prejudice for failure to state a claim upon which relief may be

4 granted.  28 U.S.C. § 1915A.  Based solely on his affidavit of

5 poverty, Petitioner's requests to proceed in forma pauperis, Doc. ##

6 2 & 4, are GRANTED.

7          The Clerk is directed to terminate any pending motions as

8 moot, enter judgment in accordance with this order and close the

9 file.

10

11          IT IS SO ORDERED.

12

13 DATED      _2/02/2012_        _____

14                              THELTON E. HENDERSON
                                United States District Judge

15

16

17 G:\PRO-SE\TEH\HC.11\Brown-11-3464-habeas-dismiss.wpd

18

19

20

21

22

23

24

25

26

27

28                                  4